# EXHIBIT 1



**Global Language Services**
Translations · Interpreting
DTP · Localization

KERN Corporation
The Helmsley Building
230 Park Avenue, Suite 1517
New York, NY 10169

Tel. (212) 953-2070
Fax (212) 953-2073
kern.ny@e-kern.com

State of :     New York

County of:    New York

ss.:     **www.e-kern.com**

## CERTIFICATE OF ACCURACY

*IT IS HEREBY CERTIFIED*, *that  KERN Corporation, a corporation organized and existing under the laws of the State of New York, is professionally engaged in the rendering of foreign language translation services; that it has translated the following document(s)*

### SUMMONS AND COMPLAINT REGARDING ARAMARK SERVICES OF PUERTO RICO INC

*from the **SPANISH** language into the **ENGLISH** language and that the said translation is a true and correct rendering of the said document to the best of our knowledge and belief.*

Signed by: _____
(Eric Schloss)
for

Sworn to before me this ____4____

Day of ___November___ 2016.

_____
Notary Public

**JOY WILTERMUTH**
NOTARY PUBLIC, State of New York
**No. 01WI - 6093589**
Qualified in New York County
My Commission Expires June 02, 2019

San Francisco: KERN Corporation · The Russ Building · 235 Montgomery Street, Suite 946 · San Francisco, CA 94104
Tel. (415) 433 5376 · Fax (415) 433 5377 · kern.sf@e-kern.com

London: Tel. 011 44 (20) 78 31 56 00 · Frankfurt: Tel. 011 49 (69) 75 6073-0 · Berlin: Tel. 011 49 (30) 24 7212 50 · Paris: Tel. 011 33 (1) 53 93 85 20
Hong Kong: Tel. 011 (852) 28 50 44 55 · Amsterdam: Tel. 011 31(20) 520 07 40 · Lyon: Tel. 011 33 (4) 783 783 73

KERN 03/2012

COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
SUPERIOR COURT OF BAYAMÓN

| | |
|---|---|
| **ERVIN LÓPEZ LUGO, on his own behalf and representing the COMMUNITY PROPERTY CONSISTING OF HIMSELF AND MARÍA ALVARADO RODRÍGUEZ,** | CIVIL NUM: DPE2016-0704 501 |
| Plaintiff, | REGARDING: |
| vs. | SUMMARY PROCEEDING FILED PURSUANT TO LAW 2, DATED OCTOBER 17, 1967; DISCRIMINATION DUE TO AGE AND PHYSICAL IMPAIRMENT; WORKPLACE HARASSMENT; RETALIATION; HARM AND DAMAGES; |
| **ARAMARK CLEANROOM SERVICES (PUERTO RICO INC); ARAMARK SERVICES OF PUERTO RICO INC;** | |
| Defendants. | |

**SUMMONS**

UNITED STATES OF AMERICA,
THE PRESIDENT OF THE UNITED STATES
THE COMMONWEALTH OF PUERTO RICO SS

TO:      **ARAMARK SERVICES OF PUERTO RICO INC**
272 Street Lot #10 Country Club Industrial Park, Carolina, PR

(Name of the defendant who is being summoned)

A Complaint, pursuant to Law Number 2 of October 17, 1961, as amended, has been filed against you. A copy of the Complaint and other documents of the Court are being delivered along with this summons.

If you do not wish a judgment to be made or an order to be issued against you without being heard, you must submit a response to the Complaint in writing within ten (10) days after having been served this summons, if served in the judicial district in which the action is filed. In other cases, you must respond within fifteen (15) days. You must send a copy of the response to the dispute to the plaintiff, at the address indicated below, on the same day that the response is presented to the Court.

Be informed that if you fail to do so, a default judgment will be made against you, granting the remedy requested in the Complaint. You may obtain a copy of the documents that have been submitted in this case at the Court Office.

ALEJANDRO BELLVER ESPINOSA
SUPREME COURT OF PUERTO RICO #16429
COND. EL CENTRO 1, SUITE 801, 500 MUÑOZ RIVERA AVE. SAN JUAN PR 00918
TELEPHONE: (787) 946-5268 - FAX: (787) 946-0062
alejandro@bellverlaw.com

Issued under my hand and seal of the Court on today's date of Oct. 21, 2016.

| | | |
|---|---|---|
| _____ | RUTH APONTE COTTO | _____ |
| (Name of Secretary) | Regional Secretary | Date |
| _____ | Signature of Secretary | [illegible stamp] |
| (Name of Assistant Secretary) | | |
| [stamp:] | [illegible] GONZALEZ TORRES | _____ |
| COMMONWEALTH OF PUERTO RICO | Assistant Secretary | Date |
| GENERAL COURT | [initials] | |
| [emblem] | | |

SUPERIOR COURT OF BAYAMÓN [initials]

Case no.: _____

### SERVICE OF SUMMONS

I, [illegible] Rodriguez, declare that I have the necessary legal capacity pursuant to Civil Procedure Rule 4.3 of Puerto Rico, and I confirm that I delivered the summons for the case in question on <u>October 24, 2016</u>, in the following manner:

By personal delivery to the defendant at the following physical address:
_____

Accessible in the immediate presence of the defendant at the following physical address:
<u>361 San Francisco Street 4th floor, San Juan</u>

By leaving a copy of the documents with an agent authorized by the defendant or an agent designated by law to receive summonses at the following physical address:
<u>CT Corporation System, by way of Mr. Federico [illegible] 361 San Francisco Street, 4th floor, San Juan PR 00901</u>

The summons could not be personally delivered due to the fact that:
_____

### COST OF SERVICE
$ _____
### STATEMENT OF THE PROCESS SERVER

I hereby declare, under penalty of perjury, pursuant to the laws of the Commonwealth of Puerto Rico, that the information stated in the service of summons is truthful and accurate.

FOR THE RECORD, I hereby sign this document in _____, Puerto Rico, on today's date of ____ ____ ____.

_____
Signature of the process server
_____
(Address of the process server)

AFFIDAVIT NO. _____

Sworn and signed before me by _____, concerning the personal information mentioned above, whom I attest to knowing
_____
(*personal acquaintance or, if otherwise, proof of the supplementary means set forth by Notary Law*)
In _____, Puerto Rico, on today's date of ____ ____ ____.

_____
**NOTARY PUBLIC**

COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
SUPERIOR COURT OF BAYAMON

| | |
|---|---|
| **ERVIN LÓPEZ LUGO, on his own behalf and representing the COMMUNITY PROPERTY CONSISTING OF HIMSELF AND MARÍA ALVARADO RODRÍGUEZ,**<br><br>Plaintiff,<br><br>vs.<br><br>**ARAMARK CLEANROOM SERVICES (PUERTO RICO INC); ARAMARK SERVICES OF PUERTO RICO INC;**<br><br>Defendants. | CIVIL NUM: DPE2016-0704 501<br><br>REGARDING:<br><br>SUMMARY PROCEEDING FILED PURSUANT TO LAW 2, DATED OCTOBER 17, 1967; DISCRIMINATION DUE TO AGE AND PHYSICAL IMPAIRMENT; WORKPLACE HARASSMENT; RETALIATION; HARM AND DAMAGES;<br><br>[stamp:] OCT. 21 2016 4:15 PM |

## COMPLAINT

**TO THE HONORABLE COURT:**

The plaintiff, **Ervin López Lugo, His Wife, María Alvarado Rodríguez, and the Community Property Consisting of Both**, appears by way of the undersigned legal representative and respectfully states, alleges and requests:

### I.      THE PARTIES

1.      The plaintiff is of full legal age, married, with a physical address at: Cond. Plaza Suchville apt. 319, Bayamón PR 00959.

2.      The defendant, **ARAMARK CLEANROOM SERVICES (PUERTO RICO INC)**; is a for-profit corporation duly incorporated under the laws of the Commonwealth of Puerto Rico. **ARAMARK CLEANROOM SERVICES (PUERTO RICO INC)** is an institution operating in the sale and rental of rugs, uniforms, linens, cleaning products and items in Puerto Rico. Its offices are located at: 272 Street Lot #10 Country Club Industrial Park, Carolina, PR 00983. Its resident agent is CT Corporation System located at 361 San Francisco St. 4th Floor, Viejo San Juan, PR 00902-2946.

Complaint

P. 2

3.      The defendant, **ARAMARK SERVICES OF PUERTO RICO INC** is a for-profit corporation duly incorporated under the laws of the Commonwealth of Puerto Rico. **ARAMARK CLEANROOM SERVICES (PUERTO RICO INC)** is an institution operating in the sale and rental of rugs, uniforms, linens, cleaning products and items, in Puerto Rico. Its offices are located at: 272 Street Lot #10 Country Club Industrial Park, Carolina, PR 00983. Its resident agent is CT Corporation System located at 361 San Francisco St. 4th Floor, Viejo San Juan, PR 00902-2946.

## II.      FACTS

4.      The plaintiff was born on August 19, 1968, and is currently 48 years old.

5.      On February 11, 2013, the defendant presented the Plaintiff with a job offer to begin work as a District Manager Trainee.

6.      On February 20, 2013, the plaintiff signed the "employment agreement" with the defendant.

On June 6, 2013, the defendant promoted the plaintiff to the position of Route Operation Manager.

7.      On October 5, 2013, the defendant promoted the plaintiff to the position of Service Manager.

8.      The duties of the plaintiff as Service Manager consisted of being responsible for the plant.

9.      Mr. Efraín Solivan was the General Manager at that time.

10.     In January of 2014, Mr. Solivan was transferred to California.

11.     Between January of 2014 and August of 2014, the plaintiff took the role of General Manager ("acting GM") for the physical plant located in Carolina, Puerto Rico.

12.     In September of 2014, Mr. Ariel Báez (hereinafter "Mr. Baez") became the General Manager for the defendant.

Complaint

P. 3

13.     After Mr. Báez took the position, the plaintiff became the Assistant General Manager, although due to the agreement he appeared to be the Service Manager because of a salary issue. The defendant had represented to the plaintiff that he would perform the aforementioned function (Assistant General Manager) with a Service Manager salary, but that his salary would be increased when the company grew (volume).

14.     At the first meeting that Mr. Báez had with the plaintiff, the former stated to the latter that he had accepted the position against his wishes and that the plaintiff "better not make any complaint or cause any situation because otherwise he would come down on him."

15.     During the first half of October 2014, Mr. Báez received notice of the bonus that the plaintiff received, and the former stated that the plaintiff did not deserve such a big bonus since he was anything but a manager in his eyes.

16.     Mr. Báez constantly and illogically threatened the plaintiff that he was going to fire him, and he also threatened that he was going to reprimand him, constantly. All of his threats were illogical and nonsensical.

17.     Mr. Báez stated to the plaintiff that his expectations were well above the latter's abilities.

18.     On one occasion, Mr. Báez stated to the plaintiff that he reviewed his social media account on LinkedIn and stated that he did not believe anything that he had posted there since the former believed the plaintiff to be an average person.

19.     Mr. Báez also stated to the plaintiff that he did not know how he was able to maintain a family since Mr. Báez considered him to be an incompetent person. On various occasions he stated to the plaintiff that he was incompetent.

20.     Mr. Báez ordered that if any employee in the unloading area was absent, then the plaintiff would have to do the work, which was not part of his duties. Also, there were other employees who were supposed to do that task.

Complaint

P. 4

21.     Mr. Báez also told the plaintiff that he was not qualified to interview and recruit employees.

22.     Between November and December of 2015, the plaintiff complained about Mr. Báez to the defendant (grievance number AUCH-02-0024).

23.     Other employees complained about Mr. Báez to the defendant.

24.     After having complained to the defendant about the conduct of Mr. Báez, the latter began to retaliate.

25.     On multiple occasions, Mr. Báez told the plaintiff that his complaint with Human Resources was not going "anywhere", without knowing the result Mr. Báez told him "I beat you," "you made a fool of yourself," "you burned bridges with me and with the company," "I am the general manager and my word counts more," "I have been with the company for 7 years and I have more than proven myself, they will not go against me," "They (Human Resources) are in California and I am here, whether you like it or not I'm the law," "You'll see how nothing is going to happen," "My recommendation to Human Resources is that they remove you from the company after what they finish what they are doing, in short your complaint is a waste of time."

26.     Due to the constant harassment, retaliation and discrimination received by the plaintiff, approximately on 4 occasions, the plaintiff's blood sugar level went up due to the pressure that Mr. Báez put on him and he even fainted on one occasion.

27.     After the submission of his complaint, the defendant began to retaliate against the plaintiff as follows: to replace him with other employees when he was absent, it was constantly stressed to him that the issue with human resources had allegedly failed, that he was "screwed" with the defendant due to his complaint, if there was merchandise that had not gone out he required the plaintiff to take it, he emotionally mistreated the plaintiff and harassed him with work that was not his responsibility, at times he ignored the plaintiff, he insulted him (with words like: ignorant, incompetent, unqualified, etc.), threats about warnings when they were not applicable and only to intimidate him, threats about being fired, he made inappropriate comments to him like "you

Complaint

P. 5

know as much about sales as I know about heart surgery," "you don't deserve this type of bonus, you haven't proven anything here, other than mediocre work, they should give it to me," "it's impossible that a person with limited intelligence could perform this position," "you burned bridges with me and with the company," "Did you see? Nothing happened to me, you look like a liar," "I beat you, I am still here and I am going to get you kicked out of the company," "I have been with Aramark for 7 years and they aren't going to kick me out in order to leave it to you," in addition to making comments about the plaintiff being a person with limited abilities and intelligence, ordering the plaintiff on certain Saturdays and/or Sundays (regardless of the city where he was) to make deliveries, requesting reports that the plaintiff was required to work Saturdays and Sundays, among other illogical, unreasonable and illegal comments and rules.

28.      Between January and February of 2015, Mr. Báez unjustly reprimanded the plaintiff.

29.      Approximately between October and November of 2015, Mr. Báez was transferred to another plant (Bayamón).

30.      The new manager, Mr. Felipe Mejía, began approximately between October and November of 2015.

31.      The Plaintiff complained again to the defendant.

32.      On December 30, 2015, a heart operation was performed on the plaintiff.

33.      On December 31, 2015, the plaintiff suffered a partial stroke.

34.      On March 29, 2016, a gall bladder operation was performed on the plaintiff.

35.      On April 27, 2016, the plaintiff had a second operation on his heart.

36.      From December 2, 2015, until July 31, 2016, the plaintiff received treatment and/or rested in order to recover from his surgeries, with the consent and authorization of the defendant.

Complaint

P. 6

37.     The plaintiff requested and obtained leave under FMLA and SINOT [Temporary Non-Occupational Disability Insurance] and from the company in order to be absent.

38.     On March 2, 2016, the defendant, by way of Ms. Irma López, informed the plaintiff that his family medical leave was approved until March 22, 2016, and that he would continue under SINOT since "he has a year of leave with the right to be reinstated at his position."

39.     On July 9, 2016, the defendant placed an ad on "indeed" in which it opened the position of Assistant General Manager.

40.     On August 1, 2016, a new employee began as the Assistant General Manager, who is less than 30 years old and has only worked for the company for no more than 1 year, approximately, without experience in such position.

41.     In July of 2016, the plaintiff notified the defendant that he had already been discharged and could begin work on August 1, 2016.

42.     On August 1, 2016, the plaintiff reported to work for the defendant, and at that time Mr. Felipe Mejía, along with Human Resources, fired the plaintiff and informed him that they were going to pay him the entirety of the severance required by law, acknowledging his unjust dismissal.

43.     The plaintiff stated that he did not agree with the dismissal and the payment of the severance; however, the defendant fired him and paid him anyway.

44.     The plaintiff did not sign any replacement agreement nor did he consent to the payment of the severance.

45.     The defendant deposited into the account of the plaintiff the amount of $18,705.38 and another sum of $454.29.

46.     The sum of $18,705.38 deposited into the account of the plaintiff allegedly corresponded to the payment of severance.

Complaint

P. 7

47.     By depositing the supposed payment of severance, the defendant acknowledged that the dismissal was unjust.

48.     The defendant fired the plaintiff solely and exclusively as retaliation for having complained to Human Resources, for having a physical impairment, and due to his age, all in order to hire a person much younger than the plaintiff.

49.     The highest annual salary earned in the last 3 years was the amount of $97,771.99.

### III. FIRST CAUSE OF ACTION DUE TO RETALIATION

50.     The allegations in the aforementioned paragraphs are used as a reference and are part of this cause of action.

51.     As we mentioned above, the defendant took serious retaliation against the plaintiff, using threats, emotional aggression, threats [sic], instructions, rules and reprimands that were illogical and unreasonable, among others.

52.     This Court should not have the slightest doubt that the medical condition of the plaintiff, added to the complaint by the plaintiff, was what caused the dismissal of the plaintiff, which is a direct consequence of having warned that he was going to make a complaint to the defendant.

53.     If he had not made an internal complaint and had not shown his physical problems, they would not have fired him.

54.     The defendant infringed upon Law No. 115 of December 20, 1991, 29 LPRA § 194 et seq. (hereinafter "Law No. 115").

55.     The defendant is responsible for its acts of retaliation, for an amount of no less than $600,000.00 for the damages that are listed below, and for an amount of no less than $8,147.00 monthly for the salary that was no longer earned from the date of dismissal until the plaintiff attains a job with an equivalent salary, as financial damages.

### IV. SECOND CAUSE OF ACTION DUE TO DISCRIMINATION BECAUSE OF PHYSICAL IMPAIRMENT AND AGE

56.     The allegations in the aforementioned paragraphs are adopted as a reference and are part of this cause of action.

Complaint

P. 8

57.     The plaintiff underwent several open-heart operations, which limited his daily activities.

58.     The plaintiff was ready to request reasonable placement on the day he returned to his employment after the operations. However he was fired on that same day.

59.     Pursuant to Law Number 44 of July 2, 1985, 1 LPRA, Section 501 et seq.; and the Americans with Disabilities Act (ADA), 43 USCS, Section 12102, the defendant should have taken him.

60.     The defendant was aware of the condition of the plaintiff, and knowing that decided to fire the plaintiff, being aware that he would begin to work with certain physical limitations.

61.     The defendant infringed upon Law No. 44 of July 2, 1985, 1 LPRA, Section 501 et seq.; and the "Americans with Disabilities Act" (ADA), 43 USCS, Section 12102.

62.     The defendant has performed various discriminatory acts due to physical impairment against the plaintiff.

63.     In addition, the defendant, while the plaintiff was receiving medical treatment, hired an employee for the position of "Assistant General Manager" who is less than 30 years old.

64.     The defendant definitely discriminated against the plaintiff by hiring an employee who is younger than the plaintiff, and also by firing the plaintiff in order to replace him, in his position, with a younger person.

65.     The defendant infringed upon Law No. 100 of June 30, 1959, as amended, 29 LPRA sec. 146 et seq. (Law 100), Law No. 44 of July 2, 1985, 1 LPRA, Section 501 et seq.; and the "Americans with Disabilities Act" (ADA), 43 USCS, Section 12102, by discriminating against the plaintiff due to physical impairment and age. The defendant is responsible for its discriminatory acts, for a sum of no less than $600,000.00, plus an amount of no less than $8,147.00 monthly for the salary that was no longer earned

Complaint

P. 9

from the date of dismissal until the plaintiff attains a job with an equivalent salary, as financial damages.

## V. THIRD CAUSE OF ACTION DUE TO WORKPLACE HARASSMENT, DEFAMATION, VIOLATION OF HUMAN DIGNITY AND OTHER SECTIONS OF THE BILL OF RIGHTS

66.     The allegations in the aforementioned paragraphs are adopted as a reference and are part of this cause of action.

67.     The plaintiff has suffered a pattern of workplace harassment, due to, among others, the pattern of inappropriate conduct by Mr. Báez, a hostile workplace, defamations, accusations, irregularities, illogical and unreasonable rules, unreasonable reprimands, threats by the defendant, among others. In addition, the defendant violated the human dignity of the plaintiff, since, among other things, the plaintiff feels like "trash" due to the harassing, defamatory and accusatory conduct of the defendant.

68.     This was done by the defendant for the sole purpose of causing damage to the plaintiff.

69.     Likewise, the defendant is responsible for the unlawful acts of bullying and workplace harassment toward the plaintiff and due to the violation of human dignity contained in Art. II, Sec. 1 of the Constitution of the Commonwealth, the protection against abusive attacks to personal honor and reputation, contained in Art. II, Sec. 8 of the Constitution, to personal health and integrity in the workplace, contained in Art. II, Sec. 16 of the Constitution and to his right to privacy, for an amount of no less than $400,000.00, which is equivalent to all of the damages that the plaintiff suffered and that will be subsequently described.

70.     The allegations in the following paragraphs regarding the damages suffered by the plaintiff due to the intentional and negligent conduct of the defendant are adopted as a reference.

## VI. FOURTH CAUSE OF ACTION UNDER UNJUST DISMISSAL (IN THE ALTERNATIVE)

71. The allegations in the aforementioned paragraphs are adopted as a reference and are part of this cause of action.

Complaint

P. 10

72.     As we brought forward before, the plaintiff has not infringed upon any rule, regulation or policy of the defendant.

73.     The defendant fired the plaintiff without any just cause.

74.     The highest salary earned by the plaintiff is the sum of $97,771.99 and was in the year 2014.

75.     In the alternative, if this Honorable Court does not concede discrimination due to religion and/or retaliation, then the defendant is liable for the payment of severance under Law No. 80 of May 30, 1976 (hereinafter "Law 80"), since the dismissal was carried out without just cause to do so. The severance that would correspond to the plaintiff is no less than $22,406.08.

## VIII. HARM AND DAMAGES

76.     The allegations in the aforementioned paragraphs are adopted as a reference and are part of this cause of action.

77.     Due to the malicious, intentional, negligent, defamatory, accusatory and harassing actions by the defendant, the plaintiff has been emotionally harmed, to the point that he has suffered the following damages, among others: (a) he is totally depressed; (b) insomnia; (c) he is receiving psychological treatment; (d) he is completely anxious; (e) family problems; (f) all forms of headaches; (g) migraines; (h) emotionally he feels worn down; (i) he feels that they have ruined his life; (j) he has been financially harmed; (k) emotional and physical damages; (l) mental and emotional anguish and suffering, among other damages; all of which is due to the harassing, retaliatory, discriminatory, negligent and/or intentional conduct that the plaintiff has suffered and suffers at his work for the defendant.

78.     There is a direct causal relationship between the aforementioned negligent and/or intentional actions and/or omissions of the defendant and the damages suffered by the plaintiff.

Complaint

P. 11

79.     The plaintiff reserves the right to include additional amounts for harm and damages, as well as to increase the requested amounts.

## IX.      PLEA

**DUE TO ALL OF THE FOREGOING,** it is respectfully requested that this Honorable Court admit this Complaint and, as a result, issue a ruling to the benefit of the plaintiffs and against the defendant, ordering the latter to pay the total sum of $1,600,000.00, plus a sum of no less than $8,147.00 per month for the salary that ceased to be earned from the date of the dismissal until the plaintiff attains employment with an equivalent salary, as financial damages, due to discrimination, retaliation, the violation of constitutional rights, harm and harassment suffered, the salary claim, as previously described, plus legal expenses, costs, interest and a reasonable sum for the fees of attorneys, as stipulated by law. In addition, the plaintiff requests to be reinstated at work. In the alternative, if discriminatory dismissal is not granted, we request that the defendant be ordered liable for paying severance under Law No. 80 of May 30, 1976, since the dismissal was executed without just cause, for which purpose the total amount of severance is $22,406.08.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, October 20, 2016.

**BELLVER ESPINOSA LAW OFFICES**
Cond. El Centro I, Suite 801,
500 Muñoz Rivera Ave.,
San Juan, PR 00918
Telephone / Fax: (787) 946-5268
Email: alejandro@bellverlaw.com


By: [signature]

**ALEJANDRO BELLVER ESPINOSA**
Supreme Court of Puerto Rico #16,429